UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE MINICHINO,<br><br>            Plaintiff,<br><br>     v.<br><br>LEO LA ROSA, et al.,<br><br>            Defendants. | Case No.  24-cv-04048-LJC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

## I. INTRODUCTION AND IFP APPLICATION

Plaintiff Marie Minichino, pro se, brings employment claims against Defendants Leo La Rosa, Marshall Meyer, Nick Cohen Meyer, Ruth Lesser, "Mrs. Naimoon," and Kitt Shoh. Sufficient cause having been shown, Minichino's Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

The Court now reviews the sufficiency of Minichino's Complaint under 28 U.S.C. § 1915(e)(2)(B). The Complaint lacks factual allegations and does not appear to present any basis for federal subject matter jurisdiction. Minichino is therefore ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of jurisdiction, by filing no later than August 22, 2024 either: (1) an amended complaint that cures the defects identified in this Order; or (2) a response to this Order explaining why her present Complaint is sufficient to proceed.

## II. LEGAL STANDARD FOR REVIEW UNDER § 1915

A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). If the Court dismisses a case pursuant to

§ 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. Such dismissal is not on the merits, but rather an exercise of the court's discretion under the statute governing cases filed in forma pauperis. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Courts conducting this review assess whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Under § 1915(e)(2)(B)(i), frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A complaint may be dismissed as "factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32–33.

A court must dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) where it is based solely on conclusory statements or naked assertions without any factual basis, lacking sufficient factual allegations to render the claims asserted plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Complaints that are "highly repetitious, or confused, or consisted of incomprehensible rambling" also violated the federal pleading standard. *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

Complaints filed without counsel must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

### III.     SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and may only hear cases falling within their subject matter jurisdiction. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Two of the most common grounds for subject matter jurisdiction are diversity jurisdiction under 28 U.S.C. § 1332 (encompassing cases between citizens of different states with more than $75,000 in controversy) and federal question jurisdiction under 28 U.S.C. § 1331 (encompassing cases "arising under the Constitution, laws, or treaties of the United States"). When a federal court has

1   subject matter jurisdiction over some claims asserted in a complaint, the court may also exercise

2   supplemental jurisdiction over related claims.  28 U.S.C. § 1367(a).

### A.   Minichino Has Not Established Diversity Jurisdiction

Minichino checked a box indicating that her case falls within diversity jurisdiction "because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000."  Compl. (ECF No. 1) at 2.  The basic diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides for jurisdiction if no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.  An individual's citizenship is established not necessarily by current residence by instead by their state of "domicile," which is defined for this purpose as the last state where the individual lived with an intent to remain. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Minichino does not address any party's state of citizenship, but she alleges that at least four of the five Defendants reside at the same Walnut Creek, California address as Minichino herself.  Compl. at 2.  Although a party's state of residence is not always the same as their state of citizenship, it is Minichino's burden to show that no defendant is a citizen of the same state as her if she wishes to invoke diversity jurisdiction under § 1332(a), and her present Complaint does not meet that burden.  *Kanter*, 265 F.3d at 857–58.  Even if Minichino had alleged diversity of citizenship, her bare demand for millions of dollars in damages (Compl. at 9) is not supported by any factual allegations suggesting that the amount in controversy exceeds $75,000.  *See, e.g.*, *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1061 (C.D. Cal. 2023) ("In the Court's view, [a] vague and conclusory allegation, without a single factual contention in support, is insufficient to plausibly allege the jurisdictional threshold.").  The Court therefore appears to lack jurisdiction under § 1332(a).

### B.   Minichino Has Not Established Federal Question Jurisdiction

Minichino also checked a box to assert federal question jurisdiction under 28 U.S.C. § 1331, but her allegations do not establish jurisdiction under that statute, either.  She offers vague references to purported federal laws or legal theories like "Federal Financial Fraud Against Elder,"

3

1     Compl. at 2, but she cites no statute supporting such a theory under federal law, and the Court is

2     not aware of any such federal law. *Cf.*, *e.g.*, *Davis v. RiverSource Life Ins. Co.*, 240 F. Supp. 3d

3     1011, 1018–20 (N.D. Cal. 2017) (discussing a financial elder abuse claim under *state* law, citing

4     Cal. Welf. & Inst. Code § 15610.30). A purported federal claim that "is wholly insubstantial and

5     frivolous" does not confer jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89

6     (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83).

7           In a section of her form Complaint calling for a statement of facts, Minichino offers the

8     following list: "(1) Employment Fraud; (2) Financial Fraud Against Elder; (3) Failure to pay min

9     Wage or Taxes; (4) Elder Abuse; (5) Failure to pay overtime; (6) Failure to give Breaks;

10    (7) Failure to give days off." Compl. at 3. Minichino does not assert that any of those claims arise

11    under federal law. To the extent some of them might implicate federal labor law, like a claim for

12    failure to pay overtime, Minichino has not offered even the most basic factual allegations to

13    support such claims, like an allegation that any or all of the defendants employed her, much less

14    factual allegations describing the hours she worked and the amount she was paid. Without factual

15    allegations to support them, those bare assertions of legal violations do not state a claim on which

16    relief may be granted. *See Iqbal*, 556 U.S. at 677–78. In the absence of *any* factual allegations,

17    the claims appear to be "wholly insubstantial" such that they do not establish jurisdiction. *See*

18    *Steel Co.*, 523 U.S. at 89.

19          Minichino goes on to list four claims on separate pages of her Complaint, as follows.

20        **1.    Claim 1**

21          First, Minichino asserts a claim for "Federal Financial Fraud," but offers no factual

22    allegations at all to support that claim, and does not identify statute or other legal authority on

23    which she bases it. Compl. at 5. Claim 1 therefore does not assert any cognizable or identifiable

24    violation of federal law.

25        **2.    Claim 2**

26          Next, Minichino lists "Employment Fraud" as "Claim 2," also writing "Tax Fraud" and

27    "Social Security Fraud" below that heading. Compl. at 6.

28          Minichino asserts that Defendants "fail[ed] to pay into unemployment." *Id.* She does not

identify any law requiring Defendants to make such payments or allowing her to sue for their failure to do so. Federal unemployment benefits are funded through taxes imposed by the Federal Unemployment Tax Act (FUTA). As far as this Court is aware, every district court to consider the issue has held that FUTA does not create a private right of action that allows an employee to sue an employer who failed to pay taxes required by that statute. *See, e.g.*, *Glanville v. Dupar, Inc.*, 727 F. Supp. 2d 596, 602 (S.D. Tex. 2010) (citing other district court decisions, and noting that no court of appeal has addressed this question). Accordingly, it does not appear that Minichino can base a federal claim on Defendants' failure to contribute to an unemployment fund.

To the extent that Minichino's assertion of "Social Security Fraud" or "Tax Fraud" implies a failure to pay Social Security taxes, that is also no basis for a private claim. The Federal Insurance Contributions Act (FICA) requires employers and employees to pay taxes to fund the Social Security Trust Fund, which is the source of federal disability and retirement benefits. Although the federal government can bring an enforcement action if an employer fails to pay those taxes, an employee has no right to enforce that requirement by bringing a lawsuit on her own behalf against the employer. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 68–69 (3d Cir. 2008); *McDonald v. S. Farm Bureau Life Ins. Co.*, 291 F.3d 718 (11th Cir. 2002); *Ohio Nat'l Life Assur. Corp. v. Brown*, No. CV-07-3248 CAS (CWx), 2007 WL 4208295, at *5 (C.D. Cal. Nov. 26, 2007).

This second claim also asserts that Minichino worked sixty days straight without a day off, which she characterizes as "unlawful." Compl. at 6. The primary federal law addressing working hours and compensation is the Fair Labor Standards Act (FLSA). This Court is not aware of any provision of the FLSA, or any other federal law, regulating the number of consecutive days an employee can work. *See* U.S. Dep't of Labor, "Fair Labor Standards Act Advisor," https://webapps.dol.gov/elaws/whd/flsa/screen6.asp ("[T]he FLSA doesn't limit the number of hours in a day, or days in a week an employee may be required or scheduled to work . . . if the employee is at least 16 years old.").[1]

---

[1] Unlike California state law, the FLSA also does not require an employee to provide rest breaks, which is one of the theories listed in Minichino's "Statement of Facts." Compl. at 4. "While

Minichino concludes this claim with the following assertion:

> When I got hurt asked for 4 days off - cancelled all my hours but never fired me
> Tried to Trick me into leaving
> Threatened Violence

Compl. at 6. Although any threat of violence in the workplace raises serious concerns, Minichino has not asserted that this conduct violated any particular federal law, and she has not offered sufficient factual allegations for the Court to make such a determination on its own.

Claim 2 therefore does not assert any cognizable or identifiable violation of federal law.

### 3. Claim 3

The eighth page of Minichino's Complaint reads in its entirety as follows:

> Claim 3 Elder Abuse
> I reserve the right to amend at any time

Compl. at 8.

In the absence of factual allegations or any reference to a particular law, this claim does not assert any cognizable or identifiable violation of federal law.

### 4. Claim 4

Minichino's fourth claim is for an "Emotional Support Animal Violation." Compl. at 7. She asserts that defendants "kidnapped [her] emotional support kittens," and that she is "lost without them." *Id.*

This claim does not specifically invoke any federal law, and does not include sufficient allegations to determine whether Minichino might have a viable claim under any federal law. The Americans with Disabilities Act, for example, can protect a plaintiff's right to a service animal under some circumstances, but it sets requirements for—among other things—an animal's training and a plaintiff's disability, which Minichino has not addressed in any way, and it is generally limited to service *dogs*, as opposed to other animals like kittens. *See, e.g.*, *C. L. v. Del Amo Hosp., Inc.*, 992 F.3d 901, 910–11 (9th Cir. 2021) (citing 28 C.F.R. § 36.104).

---

many states (including California) have laws mandating rest and meal breaks for employees, the FLSA does not include a provision authorizing an employee to bring a civil action for failure to provide paid rest breaks." *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1192 (N.D. Cal. 2014).

Claim 4 therefore does not assert any cognizable or identifiable violation of federal law.

\* \* \*

In the absence of any substantial federal claim, Minichino's Complaint does not appear to fall within federal question jurisdiction under 28 U.S.C. § 1331.  With no basis for federal jurisdiction apparent, this Order does not reach the question of whether Minichino might be able to assert a claim under state law.

## IV.  CONCLUSION

For the reasons discussed above, Minichino is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction.

No later than August 22, 2024, Minichino must file either: (1) an amended complaint that cures the defects identified above; or (2) a response to this Order explaining why is her current Complaint is sufficient to proceed.  Any amended complaint will completely replace the current Complaint, and must include all allegations that Minichino wishes to present and all claims that she intends to pursue in this case.  If Minichino does not file a response or amended complaint by that deadline, or the response or amended complaint does not resolve the issues identified in this Order, this case will be reassigned to a United States district judge with a recommendation that the case be dismissed.

If Minichino continues to proceed without an attorney, the Court encourages her to review the section "Representing Yourself" on the Court's website, located at https://www.cand.uscourts.gov/pro-se-litigants/.  Minichino is also encouraged to contact the Court's Legal Help Centers.  Attorneys at the Legal Help Centers can provide basic assistance and advice to parties representing themselves but cannot provide legal representation.  Minichino may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 1, 2024

LISA J. CISNEROS
United States Magistrate Judge

7